ALBERT SHAFFER v̇. THE STATE.

No. 375.   Decided April 13, 1910.

**Burglary—Statement of Facts—Certificate of Judge.**

Where, upon appeal from a conviction of burglary, the case was affirmed for want of a sufficient statement of facts, and upon motion for rehearing it appeared that the appellant was entitled to a statement of facts and was deprived of it by no fault·on his part, the cause must be reversed and remanded.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Horace Williams,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The record in this case is in the same condition as that in cause No. 376, Albert Shaffer v. State, this day decided.   For the reasons indicated in that opinion, the judgment in this case is affirmed.

*Affirmed.*

ON REHEARING.

April 13, 1910.

DAVIDSON, Presiding Judge.—On a former day of this term the judgment herein was affirmed without reference to the statement of facts, it not having been approved by the trial judge.   Motion is now made to set aside the affirmance and grant a rehearing, and reverse the judgment, because appellant was deprived of his statement of facts without fault on his part.   We find upon an inspection of the motion and attached certificate of the trial judge, and other matters stated in the motion for rehearing, that appellant's contention is sustained to the effect that he has been deprived of a statement of facts without any fault on his part.   Judge Robert B. Seay, who tried the case, certifies that he granted time after the adjournment of court in which to prepare a statement of facts, and that statement of facts was completed before the end of the term.   He further states there was no lack of diligence on the part of Mr. Williams, counsel for appellant, at any time to secure the approval of and filing the statement of facts.   The judge further certifies he did not know of this want of approval until he was informed that this and the companion case had been affirmed for want of the approval of the statement of facts.   The judge fur-

ther certifies that he thought he had approved the same, and does not know how he happened to overlook the matter, for it was his intention to do so at the time he ordered the filing of the statement of facts.

Without going any further into the matters bearing upon this phase of the motion for rehearing, we hold that appellant was entitled to a statement of facts, and was deprived of it by no fault on his part. Under our statute where a party sees proper to prosecute his appeal in a criminal case, he has a right to a statement of facts certified as required by law and sent up with the record. And it is further a well settled rule that a judgment of conviction will be reversed on appeal if it be made to appear without fault on the part of the appellant and his counsel that he has been deprived of a statement of facts. Trammel v. State, 1 Texas Crim. App., 121; Ruston v. State, 15 Texas Crim. App., 336-377; Johnson v. State, 16 Texas Crim. App., 372; Henderson v. State, 20 Texas Crim. App., 304; Sara v. State, 22 Texas Crim. App., 639; Bryans v. State, 29 Texas Crim. App., 247.

We are, therefore, of opinion that appellant was without fault in the matter, and in not having a statement of facts properly in the record and approved as required by the statute, and, therefore, he is entitled to have his judgment reversed under the above authorities.

The motion for rehearing is therefore granted, the affirmance set aside, and the judgment is now reversed and the cause is remanded.

*Reversed and remanded.*