## Albert Shaffer v. The State.

### No. 376.　Decided April 13, 1910.

**1.—Theft—Statement of Facts—Signature of Judge.**

Where, upon appeal from a conviction of theft, it appeared that what was intended as a statement of facts was not approved or signed by the trial judge, the same could not be considered. Following Lawrence v. State, 7 Texas Crim. App., 192, and other cases.

**2.—Same—Statement of Facts—Rehearing.**

Where, upon appeal from a conviction of theft, the case was affirmed for want of a sufficient statement of facts, and it was shown upon motion for rehearing that the appellant was deprived both of the statement of facts and a perfect record in the case without his fault, the cause will be reversed and remanded.

Appeal from the Criminal District Court of Dallas.　Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of theft over the value of $50; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Horace Williams,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the court below on the 13th day of April, 1909, on a charge of theft over the value of fifty dollars and his punishment assessed at confinement in the penitentiary for three years.

The record shows that the term of court at which the conviction was suffered convened on the 5th day of April, 1909, and adjourned on July 3 of the same year. What purports to be a statement of facts was filed in the case July 23, 1909. Under the law in force at the time the case was tried this statement of facts was filed in due time. However, while agreed to both by counsel for the appellant and for the State, it was not approved by the trial court and can not, therefore, be considered. It is well settled in this State that to be of any validity whatever the statement of facts must be approved and signed by the judge. Lawrence v. State, 7 Texas Crim. App., 192; Bennett v. State, 16 Texas Crim. App., 236; Johnson v. State, 29 Texas, 492. And further that a document purporting to be a statement of facts, and signed as such by the attorneys for the State and the accused, but not approved and signed by the judge, constitutes no part of the record, and in this court the case stands as though there had been no effort to make a statement of facts. Hurst v. State, 39 Texas Crim. Rep., 196; Baldwin v. State, 39 Texas Crim. Rep., 245; Bailey v. State, 37 Texas Crim. Rep., 579; Loakman v. State, 32 Texas Crim. Rep., 563; Lynn v. State, 28 Texas Crim. App., 515.

In this condition of the record there is no question presented which we are authorized to review. It is, therefore, ordered that the judgment of the court below be and the same is hereby in all things affirmed.

*Affirmed.*

## ON REHEARING.

### April 13, 1910.

RAMSEY, Judge.—The judgment of conviction in this case was at a former day of this term affirmed. As the record then appeared there was no statement of facts in it which we could consider. Appellant has filed herein a motion for rehearing, verified by the affidavit of his counsel to this effect:

"Appellant admits that the statement of facts sent up with the record in this cause was not approved by the judge of the court below. Appellant shows to the court, however, that the failure to file a proper statement of facts was not due to any want of diligence on his part to obtain same. That the motion for new trial was presented to the lower court and overruled on May 29, 1909. That on the same day the appellant ordered from the official court reporter on duty in said court and who had reported the case, to make out a transcript of the evidence. That owing to the fact that the evidence of several wit-

nesses was identical in the cause here under consideration and the companion cause herewith, he ordered the testimony of certain witnesses written up in duplicate for one case only and ordered the testimony of all other witnesses written up as it was delivered in each case. That the stenographer finished the statement of facts about the 15th day of June, 1909. That the defendant's attorney took said statement of facts and delivered it with his bills of exception to Judge W. W. Nelms, special prosecutor, in said cause. That Judge Nelms was undergoing treatment for his eyes and the defendant's attorney then took the statement of facts and bills of exceptions to Hon. R. M. Clark, assistant county attorney, who represented the State in the trial of the cause. That defendant's attorney repeatedly called upon Mr. Clark to induce him to examine said statement of facts and bills of exceptions. That when the last day of the term arrived the defendant's attorney had called Mr. Clark eight or ten times with reference to this matter, but had not been able to get the statement of facts and bills of exceptions examined. That on the last day of the term, on to wit, July 3, 1909, defendant's attorney went to Mr. Clark's office and got the statement of facts and bills of exceptions and took them into open court and presented them to the court with the request that the court approve them or prepare and file a statement himself. That the judge called upon Mr. Clark to explain why the statement of facts and bills of exceptions had not been examined, and Mr. Clark stated that on account of the press of other business he had not had time. Thereupon the court requested the defendant's attorney to ask for a twenty-day order for the convenience of the State and to give the State's counsel time to examine the statement of facts and bills of exceptions. This was done and the twenty day order was entered. Thereafter, every day or two, the defendant's attorney called upon Mr. Clark to remind him of the statement of facts and bills of exceptions. That the last of the twenty days came and the statement of facts and bills of exceptions were not examined by the State's counsel, Mr. Clark having had the same in his desk all the time. That on the last of the twenty days the defendant's attorney again got the statement of facts and bills of exceptions from Mr. Clark and took them into open court and presented them to the judge with the request that he either sign them or prepare and file his own. That the judge refused to do either, but instructed defendant's attorney to deposit the same with the clerk, and that he (the judge) would see that the defendant was not injured. That this assurance was all the defendant or his attorney could get. That the defendant's attorney thereupon deposited the said statement of facts and bills of exceptions with the clerk of the court. That on that day the approval of neither the county attorney nor of the court was placed on the said statement of facts and bills of exceptions. That later, at some time not known to defendant or his attorney, the statement of facts were signed by Mr. Clark, but were never signed by the court.

That some of the bills of exceptions were by the court approved as they were written; some were approved with modifications and some were not, so far as the defendant or his attorney knows, acted upon at all. That the transcript was made up and ready to send away before the defendant or his attorney knew that the court had taken the matter up at all.

"Appellant shows to the court that there was never, on the part of the court or the State's counsel, any claim that the statement of facts and bills of exceptions were not correct. With the exception that the testimony of the defendant was by misunderstanding of the stenographer omitted from the statement of facts as first submitted, the State's counsel did not at any time even suggest a change in the record. The only reason given for not examining the record was lack of time. The whole record was on their hands eighteen days before the close of the term. After the twenty day order had been entered they had the record in their hands the full twenty days. This was all with the knowledge of the court.

"Wherefore appellant feels justified in saying that the failure to have a statement of facts and to have all of his bills of exceptions in the record is due to the failure of Mr. Clark, assistant county attorney, to either approve or disapprove of them.

"Appellant's contention is that he has been denied his statement of facts and a part of his bills of exceptions without any fault on his part and that therefore he is entitled to have this cause reversed and remanded. He is unable to reproduce the missing bills of exceptions at this date."

Attached thereto is the affidavit of Hon. Robert B. Seay, Judge of the Criminal District Court of Dallas County, to this effect:

"I, Robert B. Seay, Judge of the Criminal District Court of Dallas County, Texas, hereby state that my recollection of matter of the filing of the statement of facts in the above case is that Horace Williams, attorney for the defendant, ordered a statement of facts from the official court reporter, who reported the case immediately after the overruling of the motion for a new trial and that same was completed some while before the end of the term; on the last day of the term the same was brought into open court and I granted twenty days after the adjournment of court for the purpose of allowing the State's attorneys further opportunity to examine same; there was no lack of diligence on the part of Mr. Williams at any time to secure the approval and filing of same. I did not know, until he told me that the cases had been affirmed on that account, that I had not signed the statement of facts and I thought that I had done so. I do not know how it happened that I overlooked approving the statement of facts for it was my intention to do so, when I ordered the clerk to file it."

The facts stated in the motion are undenied. It is obvious, therefore, that appellant has not only been deprived of a statement of facts, but of a perfect record of his case, not only without his fault

but despite all reasonable diligence. Under circumstances of this kind we can not permit a conviction to stand. It is, therefore, ordered that the motion be granted, the judgment of conviction be set aside and the cause reversed and remanded for further proceedings in accordance with law.

*Reversed and remanded.*