PICK KING v. THE STATE.

No. 618.　Decided May 18, 1910.

Rehearing granted June 8, 1910.

**Local Option—Statement of Facts—Filing and Approval—Practice on Appeal.**

Where, upon appeal from a conviction of a violation of the local option law, the same was affirmed because the trial judge had not approved the statements of facts and bills of exception, and it appeared on motion to reinstate that this failure of the judge's approval arose from no negligence or fault on the part of appellant, the cause will be reversed and remanded.

Appeal from the County Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Collins & Cummings,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violation of the local option law.

The bills of exception and statement of facts are not approved by the trial judge, and, therefore, can not be considered. There are no questions that can be considered or revised without the statement of facts and bills of exception. As the record is presented the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 8, 1910.

DAVIDSON, PRESIDING JUDGE.—During the present term of the court the judgment herein was affirmed without reference to the statement of facts and bills of exception. Motion to reinstate the case is filed.

The county judge who tried the case makes a statement, which is sworn to, to the effect that twenty days was allowed after adjournment of court to file bills of exception and statement of facts, and that Mr. Cummings, one of counsel for appellant, presented him the bills of exception and statement of facts approved by the county attorney. He further certifies that Mr. Cummings called upon him to know if he had examined and approved these papers; that he informed Mr. Cummings that on account of other pressing engagements he had not finished their examination, but would do so and file them with the clerk. It is also stated that this was the last call

that Mr. Cummings made upon him and was the last day on which these papers could be filed. He further certifies that he did that afternoon, it being the last day upon which these papers could be filed, examine them and determine to approve them, and did file them with the clerk, but says he neglected to affix his signature evidencing his approval, and that his failure to sign the papers and approve them was an oversight. Mr. Cummings filed an affidavit also in support of his motion to the effect that during the time allowed by law he prepared the bills of exception and statement of facts which appear in the transcript, and presented them to counsel for the State, who agreed to them, and that he in person delivered them to the county judge several days before April 30, or the last day on which they could be filed, stating to him at the time that the county attorney had approved the papers, and that he thereafter called upon the judge in person two or three times to know if he had examined and approved them, and was each time informed that he had not done so on account of being engaged with the Commissioners Court, and that on the afternoon of April 30, same being the last day on which bills of exceptions and statement of facts could be filed, and being within the twenty days after the adjournment of the term of court, he again inquired of the judge if he had approved the papers. The judge informed him that he had not finished his examination, but would do so and file them in person. He further states that either on the night of April 30th, or early the next morning, he was unable to state which, but he was reasonably sure that it was on the night of April 30, he communicated with Mr. Albert L. Welch, deputy county clerk of Hill County, and inquired of him if Judge Porter had brought in the bills of exception and approved and filed them, and that the said deputy clerk informed him that the judge had done so.

The premises considered, appellant contends he is deprived of his statement of facts and bills of exception without fault on his part. We are of opinion that appellant is correct in this proposition, and that the failure to have his statement of facts and bills of exception approved and properly in the record arose from no negligence or fault on his part. We are, therefore, of opinion that the case should be reinstated on the docket, and the affirmance set aside, which is accordingly done. The bills of exception and statement of facts, not having been approved as required by law, are not properly before this court for consideration, and appellant being deprived of these important matters on his appeal without his fault, the judgment will be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*