WALTER SARGENT v. THE STATE.

No. 872.    Decided December 7, 1910.

Rehearing Granted January 18, 1911.

</div>

**1.—Adultery—Statement of Facts—Practice on Appeal.**

Where the case was affirmed because the statement of facts and bills of exception had not been filed within thirty days from the adjournment of the court below, but it was shown by affidavit on motion for rehearing that it was no fault of appellant that the statement of facts and bills of exception had not been approved by the judge and filed by the clerk, but that his counsel had used proper diligence to obtain a statement of facts, etc., the case must be reversed.

**2.—Same—Husband and Wife—Evidence.**

It is the settled rule in this State, by an unbroken line of decisions, that in adultery the husband or wife of the party accused is not a competent witness against the other.

Appeal from the County Court of McLennan. Tried below before the Honorable Tom L. McCullough.

Appeal from a conviction of adultery; penalty, a fine of $250.

The opinion states the case.

*R. L. Neal,* for appellant.—On the question of diligence in filing statement of facts and bill of exceptions and motion for continuance: Childer v. State, 13 S. W. Rep., 650; Golden v. State, 22 Texas Crim. App., 1; 2 S. W. Rep., 531; Clements v. State, 22 Texas Crim. App., 23; 2 S. W. Rep., 379.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Motion is made by the Assistant Attorney-General to strike out the statement of facts and bills of

exception. An inspection of the record discloses that the County Court adjourned on the 21st of August, 1909. The statement of facts has his endorsement on same: "Filed September, 1909," and has no approval of the county judge. Bills of exception Nos. 1, 2 and 3 are approved by the county judge, but are not filed, at least the record does not show any file mark upon them, and bill of exceptions No. 4 has the same endorsement as the statement of facts, to wit: "Filed September, 1909." As these matters are presented we are of opinion the motion of the Assistant Attorney-General is well taken. It ought to be shown that the statement of facts was filed within thirty days from the adjournment of the court. This occurred on the 21st day of August, leaving about eight or nine days in that month, and thirty days in September. If the filing of these papers occurred after the expiration of thirty days, it would be too late, and only two of the papers, one bill of exceptions and the statement of facts, show to have been filed at all, and the statement of facts is not approved. These being eliminated, there is no question presented for review by this court, therefore, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 18, 1911.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment herein was affirmed. The statement of facts and bills of exception as then presented by the record were in such condition they could not be considered for want of proper filing. Since the affirmance appellant has filed a motion for rehearing accompanied by the affidavit of his attorney, Mr. Neal, showing that he presented the bills of exception and statement of facts to the trial judge on the 18th day after the term adjourned. The State does not controvert this affidavit and showing made therein. This would bring him clearly within the statute which allows thirty days in which to secure his statement of facts and bills of exception. The court approved the bills in ample time, and handed them to the clerk before the expiration of the thirty days. The clerk neglected, as shown by the record, to place the date of filing on them, but does file them "September, 1909." The court adjourned on the 21st of August, 1909. The affidavit of the attorney shows that they were in fact handed to the clerk and placed among the filed papers within the thirty days allowed by law with the file mark as above indicated without specifying the day of filing. The statement of facts has the same file mark as the bills of exception, to wit: "September, 1909." That document is agreed to by the attorneys, and was so agreed to at the time it was handed the judge, who agreed to approve the same, but it seems from the record and the affidavit that he failed to do so. The statement of facts was left with the judge and the attorney interviewed the judge on several occasions after the document was

handed to him urging his approval. He agreed to approve the same, but so far as the affidavit is concerned as well as the record failed to do so. Under our statute as construed by the decisions, this would entitle appellant to a reversal of the judgment in order that he might have an approved statement of facts upon which his case may be reviewed by this court. It was no fault of his that the statement of facts was not approved. We are led to believe that it was an omission on the part of the judge. There being diligence on the part of appellant and his counsel to obtain a proper statement of facts, he *is entitled to a reversal because he did not obtain the same.* Among the later cases upon this question are those of Shaffer v. State, both reported in 58 Texas Crim. Rep., 646, 647; 127 S. W. Rep., 206, 207. See those cases and authorities collated.

We have, however, looked into the bills of exception, thinking perhaps as they were filed, and under the affidavit of the attorney, within time, and having been approved by the judge, the matters therein contained might be considered. If they could not be considered this would be an additional reason for reversing the judgment in order that he might have the matters stated in the bills revised or reviewed. If considered, two of the bills present errors which are clearly reversible. It is unnecessary to go into a detailed statement of these matters. It is sufficient to state that the State used the wife of appellant against him as a State's witness. Objection was urged to testimony elicited from her, which was overruled, and she testifed. The conviction of appellant was for adultery. It has been settled in this State by a long unbroken line of decisions that in adultery the husband or wife of the party charged is not a competent witness against him or her, as the case may be. For collation of decisions see White's Annotated Penal Code, section 552. Under our statute the wife is not permitted to testify against the husband except in a criminal prosecution for an offense committed against her by her husband. See White's Annotated Code of Criminal Procedure, art. 755. See also Brock v. State, 44 Texas Crim. Rep., 335; 71 S. W. Rep., 20; Moore v. State, 45 Texas Crim. Rep., 234; Hobbs v. State, 53 Texas Crim. Rep., 71; 112 S. W. Rep., 308; Marsh v. State, 54 Texas Crim. Rep., 144; 112 S. W. Rep., 322; Knapp v. State, 54 Texas Crim. Rep., 633; 114 S. W. Rep., 836.

So, whether we consider the statement of facts or bills of exception or not, this judgment should be reversed. The motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*