### Frone Rawls v. The State.

#### No. 1960.    Decided June 26, 1912.

#### Rehearing granted October 16, 1912.

**Decoying Minor—Statement of Facts.**

Where the judgment was affirmed because of the absence of a statement of facts, and it was shown on motion for rehearing that the failure of the trial judge to approve the statement of facts arose from no want of diligence on the part of appellant, the judgment will be reversed and the cause remanded. Sargent v. State, 61 Texas Crim. Rep., 34, and other cases.

Appeal from the County Court of Jasper. Tried below before the Hon. W. R. Blackshear.

Appeal from unlawfully decoying a minor from the custody of his guardian; penalty, a fine of $25.

The opinion states the case.

*Garland Smith,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted under an information charging her with enticing and decoying a minor from the custody of I. N. Graham, the legally appointed guardian of the minor, whose name was Silas Castle.

What purports to be a statement of facts in the record is signed by the attorneys, but was not approved by the judge. It, therefore, can not be considered. In the absence of a statement of facts we are unable to revise the questions presented, to wit: the want of sufficient evidence and errors of omission and commission in connection with the charge of the court.

With the record in this condition the judgment must be affirmed, and it is accordingly so ordered.

*Affirmed.*

#### ON REHEARING.

#### October 16, 1912.

DAVIDSON, Presiding Judge.—This case was affirmed without reference to the statement of facts, the evidence being in such condition it could not be considered by this court, not having been approved

by the trial judge. Motion for rehearing has been filed alleging that the failure of the trial judge to approve the statement of facts arose from no want of diligence on the part of the defendant, and the reason for failing to obtain the signature and approval of the judge not only arose from no fault of defendant, but from the fault of the trial judge. Among other things in this connection, the statement of the judge certified under the seal of the court shows as follows:

"I, W. R. Blackshear, County Judge of Jasper County, Texas, do hereby certify that I was County Judge of Jasper County during the January term, A. D. 1912, of the County Court of said county, and have held said position continuously since said time, and that I presided over the trial of the case of The State of Texas v. Frone Rawls, No. 209; that there was presented to me an agreed statement of facts in said case signed by County Attorney C. C. Ingram and Garland Smith, attorney for defendant, Frone Rawls, which statement of facts was carefully read over by me and approved at the time; that I intended to have placed my signature on said agreed statement of facts, evidencing such approval, but it has been brought to my attention that I failed to do so; that my failure to sign said statement of facts was due to no neglect on the part of defendant therein; that said statement of facts was filed in the County Court of Jasper County, Texas, on the 8th day of March, 1912.

"Witness my hand and seal of office officially, this the ninth day of July, A. D. Nineteen Hundred and Twelve.

(Signed) W. R. Blackshear,
County Judge of Jasper County, Texas."

Where a defendant is deprived of a statement of facts without fault or neglect on his part, and he has used due diligence to procure it, he is entitled to a reversal of the judgment in order that he may have his case fairly tried upon the facts adduced against him on his trial. It is shown here he did what he could. The statement of facts is signed and approved by the attorneys upon both sides, and the judge certifies he read and approved the facts but neglected to sign it, but filed it with the proper officer. Under this showing appellant is entitled to a reversal of the judgment in order that we may have a properly certified statement of facts before us in passing on the questions presented. Sara v. State, 22 Texas Crim. App., 639; Shaffer v. State, 58 Texas Crim. Rep., 646; Shaffer v. State, 58 Texas Crim. Rep., 647; Sargent v. State, 61 Texas Crim. Rep., 34. There are numerous other cases to the same effect laying down the same doctrine.

For the reasons stated the rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause is remanded.

*Reversed and remanded.*