## C. E. HARRIS v. THE STATE.

No. 3372. Decided January 20, 1915.

Rehearing denied February 10, 1915.

**Carrying Pistol—Statement of Facts—Bills of Exception.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the statement of facts and bills of exception were not filed within twenty days after the adjournment of the court, but it appeared from the record that appellant is either entitled to have the record considered or, if not, the judgment should be reversed and the cause remanded because he was not at fault in being deprived of the record, the same was reversible error.

Appeal from the County Court of Fayette. Tried below before the Hon. Willrich.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Aaron Burleson* and *John T. Duncan,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of unlaw-

fully carrying a pistol, and his punishment assessed at thirty days confinement in the county jail, and a fine of $100.

The term of court at which appellant was tried adjourned on October 23, 1914. The statement of facts and bills of exception were not filed until December 2, 1914, more than twenty days having elapsed after the adjournment of court. The Assistant Attorney General has filed a motion to strike out the statement of facts and bills of exception. Appellant has filed two affidavits, that of Mr. Burleson, one of the attorneys of appellant, and Miss Munger, a stenographer, attempting to show that it was not the fault of appellant the statement of facts and bills of exception were not filed within twenty days after the adjournment of court. In reply the State has filed the affidavits of the county judge and the county attorney of Fayette County. The affidavits of Mr. Burleson and Miss Munger would show that the bills of exception and statement of facts were made out on November 2nd, and that on that day she notified the county attorney that the papers were ready for him to act on; that on November 4th they were delivered to the county attorney, and he, on November 9th, declined to agree to the statement of facts, alleging as a reason that it had been made up from the evidence in a companion case. That in accordance with instructions from Mr. Burleson on November 10th she presented the statement of facts and bills of exception to the county judge. Mr. Burleson says upon receiving the above information he went to see the county attorney, who refused to agree to the statement of facts made up by Miss Munger, and he then went to the county judge, and stated that he and the county attorney could not agree, and asked the county judge to prepare one; that the county judge would not do so, and said that he would see that an agreement was made; that this was on November 11th, to the best of affiant's knowledge.

In Judge Willrich's affidavit he states that Mr. Burleson did come to his office and state that he and the county attorney could not agree to a statement of facts in this cause, and he had replied, "Yes, you can; you have the stenographer's notes in a companion case," and that he understood that he was to take the statement of facts again to the county attorney. That he does not remember the date when this occurred.

The county attorney in his affidavit states that in his opinion it was more than twenty days after the adjournment of court when Miss Munger presented to him the statement of facts, but he gives no date. He says he declined to agree to it because it was made up from the stenographer's notes in the companion case; that an official stenographer was used in the Kiehlberg case, but not in this case; that he presented to Mr. Burleson a statement of facts he, the county attorney, had made out, and told him if he, Mr. Burleson, could not agree to it, to go to Judge Willrich and have him make out a statement of facts.

It is thus seen that the affidavit of Miss Munger is the only one that gives specific dates, and she swears positively that it was November 10th when the appellant's record was presented to Judge Willrich, the attorneys having failed to agree. No other affidavit gives any date. Judge

Willrich admits that was done, but he does not remember the date. Finally a record was made up by agreement of all parties, and if we consider it, it presents reversible error. Appellant's first application for a continuance was overruled. Attached to the motion for a new trial he presents the affidavits of the two witnesses for whom the continuance was sought who state that they would swear all that he states in his application for a continuance they would testify. Their testimony, as shown by the application for a continuance and their affidavits, is most material to appellant's defense—they both stating in their affidavits that they were present, and flatly contradict the testimony of the two State's witnesses. It is further shown that diligence was used to secure their attendance.

Having the record before us as agreed to by both parties, and it clearly presenting reversible error, we are of the opinion, under the showing made, that appellant is either entitled to have the record considered, or, if not, as the affidavits would show that the county judge declined to make out a statement of facts when the record was presented to him because there was a stenographic record in a companion case, and that the parties ought to be able to agree; that the county attorney refused to agree to the statement of facts because the stenographic record had been used in making it up, and as the only affidavit giving specific dates is the one of Miss Munger, which shows all this to have occurred within twenty days from the adjournment of court, appellant would be entitled to a reversal because he has been deprived of a record. In either event the case should be remanded for a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied February 10, 1915.—Reporter.]