# APRIL, 1925.

## A. C. CASTLE v. THE STATE.

No. 8910. Delivered April 22, 1925.

Rehearing granted June 17, 1925.

1.—False Swearing—Statement of Facts, Not Certified—Cannot be Considered.

Where the purported statement of facts is not signed by either counsel or the judge trying the case, it will not be considered, and so also of bills of exception.

ON REHEARING

**2.—Same—Statement of Facts—Denied to Appellant—Cause Reversed.**

Where appellant used due diligence to secure the approval by the trial judge of his statement of facts and bills of exception, but on account of the continued absence of the judge from his office until after the limit of the time for filing of statement of facts and bills of exception, the cause must be reversed by reason of appellant having thus been denied his right of appeal. Following Shaffer v. State, 58 Tex. Crim. Rep. 469 and other cases.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of false swearing; penalty, three years in the state penitentiary.

The opinion states the case.

*Roger Lewis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is false swearing; punishment fixed at confinement in the penitentiary for a period of three years.

We have no brief for the appellant. The indictment appears regular. A number of purported bills of exception are copied in the record. None of them, however, are certified, nor is the purported statement of facts signed by either counsel or the judge trying the case.

The facts heard not being before us, nor the rulings of the court authenticated so that they can be considered, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—From the verified and undenied averments in the appellant's motion for rehearing, it is made to appear that on February 25, 1924, the Honorable Grover Adams, because of the absence of the district judge, was elected special judge by the bar; that he qualified and served in that capacity until the 23rd day of August, 1924, during all of which time the regularly elected judge of said court was absent. Appellant's motion for new trial was overruled on March 24th, and sixty days were allowed within which to prepare and file bills of exception and statements of facts. An additional allowance of time was made on May 21st and again on June 12th, the total extension amounting to about

eighty-eight days. These facts are verified by the affidavit of the deputy district clerk as well as by the appellant's counsel. From the affidavit of the Honorable Grover Adams, his election and service as special district judge are verified; also that the appellant, through his counsel, presented to the said Grover Adams his bills of exception and statement of facts pertaining to the trial of the appellant and that the approval of them was refused for the reason that the appellant's case had been tried by regular judge. It appears from the record that the bills of exception and statement of facts were prepared within a short time after the motion for new trial was overruled and that numerous efforts were made to present them to the regular district judge for authentication, but that owing to the absence of the judge these efforts were unsuccessful. The special judge was not authorized by law to sign the statement of facts or approve the bills of exception. The absence of these matters seem not due to any fault or laches upon the part of the appellant. Unless relief is afforded in this court, the appellant has been practically deprived of the right of appeal accorded him by law. This court cannot pass upon unauthenticated statement of facts and bills of exception but can only give relief by reversing the judgment because, without fault of the appellant, his rights have been denied him. The precedents upon the subject are numerous. See Shaffer v. State, 58 Texas Crim. Rep. 469; Vernon's Texas Crim. Stat., Vol. 2, p. 811, note 2.

The motion for rehearing is granted, the affirmance set aside, the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*