FRANK BROWN v. THE STATE.

No. 18215.   Delivered April 29, 1936.

The opinion states the case.

*Putney & Green,* of Victoria, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was tried and convicted of the offense of driving upon a public road while under the influence of intoxicating liquor, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the court erred in declining to sustain his motion to quash the indictment on account of race prejudice and discrimination in the selection of the grand jury, which returned the bill of indictment against him, in violation of the 14th Amendment of the Constitution of the United States. The testimony offered by the appellant in support of his motion is as follows. Hugh L. White, sheriff of Jackson County, testified: "I have been sheriff for about eleven years. I have lived in Jackson county all my life. On the paper you show me is listed the names of the grand jurors selected for the spring term of the 1935 District Court of Jackson County, Texas." Whereupon the State of Texas, by and through the district attorney, admitted that there were no negroes on the grand jury list for the said term of the District Court of Jackson County; that there were no negroes summoned to serve as grand jurors for the spring term of 1935 of said court. It was further admitted that no negroes were selected by the jury commission to serve as grand jurors for the fall term, 1935, of the District Court of Jackson County; that there had not been any selected for sometime; that there are some substantial negro citizens in Jackson County, Texas, who possess the legal qualifications to serve as grand jurors; that the defendant in this case is a negro; that there are negroes in Jackson County, Texas, who own real estate and have paid their poll taxes and who come within the age of qualified grand

jurors. It is obvious that the only testimony which even remotely tends to show a discrimination against the negro race by the jury commissioners, who selected the grand jury, is that no negro had been selected as a grand juror for sometime. This is in our opinion not sufficient to overcome the legal presumption that the jury commissioners in the discharge of their duty observed and obeyed the statutes of this State and the Constitution of the United State above referred to.

Appellant seriously contends that he brought himself clearly within the rule announced by the Supreme Court of the United States in the case of Norris v. Alabama, 294 U. S., 587. We cannot agree with him because we see a marked difference in the proof offered showing a discrimination against the negro race in that case and the one under consideration. In the case of Norris v. Alabama, supra, it was shown that no negro had served on any grand jury or any petit jury in that county within the memory of witnesses, who had lived there all their lives, and whose ages ran from fifty to seventy-five years. The court reporter, who had not missed a session of county court in that county in twenty-four years, testified to the same effect. Another witness testified that he had never known of an instance where any negro sat on any grand jury or petit jury in the entire history of that county. While in the case under consideration the testimony merely shows that appellant was a negro, that no negro was selected as a member of the grand jury who indicted him at the spring term, A. D. 1935, of the District Court of said county, and that no negro had been selected by the jury commissioners of said county as grand jurors for sometime. The words "for sometime" have a very indefinite and uncertain meaning. It may mean six months or six years. It is easily possible that jury commissioners, in drawing a grand jury acting in good faith and without intending any discrimination, might not draw the name of a negro qualified under the law to sit as a member of a grand jury or petit jury, but if it occurred from term to term or year to year covering a period of twenty-five or fifty years, it would present a situation supporting the conclusion announced by the Supreme Court of the United States in the case of Norris v. Alabama, supra. We notice that the appellant in his brief quotes testimony purported to have been given by Mr. McDowell, district clerk of Jackson County, which, had the same appeared any where in the record, might bring this case within the rule announced in the Norris case. We have diligently searched the record for such testimony, but have failed

to find it. Under the facts proved at the trial of this case as herein above set out, this court is constrained to hold that the trial court did not err in overruling appellant's motion.

By bill of exception number three appellant complains of the action of the trial court in overruling his motion for a continuance. He alleged in his motion, which is duly verified, that the indictment was returned against him on the 25th day of September, 1935; that he was arrested on the afternoon of the 26th day of September, but was released from custody on bond; that he immediately on said day obtained process for one William Small, who resided in the city of Houston, Harris County, Texas; that on the 29th of said month the sheriff of Harris County returned said subpoena with the following notation: "Not executed for reason after due search and diligent inquiry could not be found in Harris County, Texas. T. A. Binford, sheriff, Harris County, Texas." The facts which the appellant expected to prove by said witness, as set forth in his application, are, in substance as follows: That on the 20th day of April, 1935, at about seven thirty p. m. he talked to William Small in the town of Edna in front of Hutcheson's Meat Market; that Small inquired of him, defendant, why he had a handkerchief tied over his mouth; that he informed Small that he had had some dental work done; that he removed the handkerchief, opened his mouth, and showed Small where the dentist had removed one tooth and nerve; that said Small would testify that he, defendant, was not under the influence of intoxicating liquor at that time and that there was no trace or indication that he had been drinking any intoxicating liquor; that this conversation with the witness occurred about fifteen minutes prior to the time of the alleged offense. It is obvious that the only contested issue was whether the appellant was under the influence of intoxicating liquor at the time he ran his truck into the rear end of Mack Gary's wagon. It also appears from the record that Small was the last person, except Celestine Robertson, to whom appellant spoke before the accident. While the expected testimony of said witness was cumulative, yet it was the appellant's first application for a continuance. It appears from the record that he used due diligence to secure the attendance of witnesses. The application contained all other essential allegations of a first application for a continuance. We think that under the circumstances, as revealed by this record, the learned trial judge erred in declining to grant the continuance and in support of the views herein expressed, we refer to the following authorities. Valigura v. State, 150 S.

W., 778; Harris v. State, 76 Texas Crim. Rep., 155, 172 S. W., 1146 Sherwood v. State, 225 S. W., 1101; Presley v. State, 60 Texas Crim. Rep., 102 (105). In view of the disposition we are making of this case it is deemed unnecessary to discuss any of the other questions presented.

It is therefore ordered that the judgment of the trial court be, and the same is, reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.