## J. L. LIGHTFOOT V. THE STATE.

No. 17999. Delivered June 10, 1936.

The opinion states the case.

*Polk Shelton,* of Austin, *F. O. Jaye,* of De Leon, and *Frank Judkins,* of Eastland, for appellant.

*James P. Hart,* District Attorney, *E. G. Moorhead* and *Wm. Kay Miller,* Assistant District Attorneys, and *Lloyd W. Davidson,* State's Attorney, all of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of knowingly making a false report to the Comptroller of Public Accounts of the State of Texas of the amount of motor fuel sold during the month of December, 1933, with a view and for the purpose of evading the payment of a tax

thereon, and his punishment was assessed at confinement in the county jail for a term of six months and a fine of $900.00.

The record before this court is without an approved statement of facts and with bills of exceptions approved by the trial court after the expiration of the time within which they could be approved. We cannot consider either the statement of facts or bills of exception.

Appellant filed in this court a verified motion supported by affidavits asking for reversal of this case on the ground that through no fault of himself or his attorney he was deprived of a statement of facts. It appears from the motion and the accompanying affidavits that appellant was convicted on the 31st day of May, 1935; that on the 1st day of June, 1935, when the judgment of conviction was entered and sentence was passed upon him he excepted to the judgment and sentence and gave notice of appeal to the Court of Criminal Appeals of the State of Texas; that the court granted him ninety days within which to file a statement of facts and bills of exception. At that time appellant inquired of the court reporter what he would charge for a transcribed copy of the statement of facts in narrative form, but received no definite reply; that on July 21 he made a written request to which the court reporter replied that in his opinion it would not exceed $75.00 and probably not over $50.00; that if he would forward $50.00, he would begin the preparation of the statement of facts; that on August 3 appellant forwarded to the reporter at Fort Worth, Texas, where he was then located, a cashier's check in said sum; that on the 14th day of August appellant and attorney sent a telegram to the reporter inquiring if he had received the check and to please call him over the telephone collect; that on August 26 appellant received the transcribed statement of facts in narrative form bearing the following certificate: "I, Harry L. Wear, do hereby certify that the above and foregoing 128 pages, together with the accompanying exhibits, contains a full, true, and correct transcript, in narrative form, of the evidence adduced upon the trial of the above entitled and numbered cause. (Signed) Harry L. Wear, Reporter, 126th District Court." Appellant immediately forwarded the statement of facts to the district attorney at Austin, Texas, with the request that he examine and approve it, and have it approved by the trial judge and filed with the clerk. The district attorney discovered certain exhibits had been omitted from the statement of facts, and, therefore, declined to approve or have it approved by the trial court and so advised appellant. Where-

upon appellant immediately went to Austin and sought to have the statement of facts amended and approved by the district judge, but the stenographer had the exhibits in his desk at Austin and he was in Fort Worth two hundred miles away. The judge was absent from the state and had been for more than a month. The State's contention is that this case should not be reversed because appellant failed to present a complete statement of facts for approval within the time prescribed by law and that this was due to the negligence of the appellant and his attorney, in that, he should have immediately requested the preparation of the statement of facts by the court reporter. We cannot agree with him. The court by an order made and spread upon the minutes gave appellant ninety days in which to have the statement of facts presented, approved, and filed; and when it is shown as it is in this case that if the court reporter had made a complete statement of facts or if he had been at Austin, Texas, within his district, he could have amended it and if the trial judge had been within the state the same could have been approved and filed within the time prescribed by law. It occurs to us from this record that during the month of August the appellant exercised all the diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. A court reporter is a servant of the state, he is paid by the state, and when he accepts the position of reporter, he agrees to faithfully perform the duties imposed upon him by law. No showing is made that the court reporter could not have completed the statement of facts much earlier than he did, nor any excuse why he did not do so or why he did not furnish a complete transcribed copy of the facts proven on the trial. However, if he had made a complete transcribed copy thereof ten days or two weeks earlier, appellant could not have had it approved by the trial judge as he was out of the state and did not return to this state and his district until after the time had expired within which he could have approved it. Therefore under the rule of this court in the case of Castle v. State, 274 S. W., 576; King v. State, 129 S. W., 626; Wertheimer v. State, 171 S. W., 224; Rawls v. State, 150 S. W., 431; Harris v. State, 172 S. W., 1146; the judgment of the trial court will need to be reversed and the cause remanded and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.