## THE UNITED STATES, RESPONDENT, v. BARNARD WHITE, APPELLANT.

CRIMINAL LAW—MARRYING WITNESS TO RENDER HER INCOMPETENT.
W. after his indictment and prior to trial thereon contracted a valid marriage with a witness for the prosecution, for the purpose of preventing her testifying on such trial; *held*, that she was not a competent witness without his consent.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The opinion states the facts.

*Mr. James N. Kimball,* for the appellant.

The court erred in admitting the testimony of appellant's wife against him, without his consent: Laws 1882, sec. 30, p. 79; Laws, 1884, sec. 1156, subd. 1, p. 359.

Prior to the enactment of these statutes a wife could not testify against her husband in a criminal action or proceeding against him, except in cases of criminal violence by him upon her: Code Crim. Proc., sec. 421; *Miles* v. *U. S.*, 103 U. S., 304.

The exceptions in the statutes of 1882 and 1884 did not change the rule so far as criminal actions are concerned, they are merely declaratory of the common law rule, and only relate to crimes committed by the husband or wife upon the person of the other by violence.

The supreme court of Minnesota in construing a similar statute, say of this exception: "A criminal action or proceeding for a crime committed by one against the other."

"This exception is inserted simply to save those cases where at common law, a wife could be a witness against her husband, or a husband against his wife, and not to introduce any new rule, or extend the old one:" *State* v. *Armstrong,* 4 Minn., 258.

Section 1881, Code of Civil Procedure of California, is

identical with our section 1156, subdivision one, and section 1322, Code of Criminal Procedure of California is identical with our section 421.

The supreme court of that state say: "That upon a fair construction of these two sections they both mean the same thing, although the penal code is more explicit than the other." And that: "On this, as nearly every other subject to which the codes relate, they are simply declaratory of what the law would be if there were no codes: *People* v. *Langtree*, 64 Cal., 257.

Adultery, bigamy, and unlawful cohabitation, committed by one of the parties to the marriage contract are not in their nature such crimes committed against the other as to render that other competent to testify against the offending party, either at common law or under the statute: Wharton, Crim. Ev., sec. 390; 24 Hun., N. Y., 304; *State* v. *Armstrong*, 4 Minn., 251; *Compton* v. *State*, 13 Tex. Ct. App., 271; Same case, 44 Am. Rep., 703; *Thomas* v. *State*, 13 Tex. Ct. App., 70.

The fact that the marriage was contracted subsequent to the finding of the indictment did not render the witness competent.

Although the parties may have had, and probably did have in view, at the time this marriage was celebrated, as one of its effects the disqualification of Mrs. White as a witness in this action, that would not deprive defendant of the privilege accorded him by the rule excluding her evidence.

"It makes no difference *at what time the relationship* of husband and wife *commenced;* the principle of exclusion being applied in its full extent, whenever the interests of either of them are directly concerned:" Greenleaf Ev., sec. 336; Greenleaf Ev., sec. 334.

"The case of husband and wife forms an exception to the general rule, that neither a witness nor a party can by his own act deprive the other party of a right to the testimony of the witness:" *Pedley* v. *Wellesley*, 3 Car. and P. 558.

*Mr. W. H. Dickson,* for the respondent,

POWERS, J.:

The defendant and appellant was indicted by the grand jury of the first district on the ninth day of January, 1886, and charged with the crime of unlawful cohabitation during the year 1884 with Diana White and Jane Fyfe White.  He was arraigned on the indictment on the sixth day of March, 1886, and pleaded not guilty.   The case coming on for trial, Jane Fyfe White was called and offered as a witness for the government.   The appellant objected to her being sworn as a witness against him, on the ground that she was his legal wife, and therefore incompetent to testify against him.   Thereupon the appellant introduced testimony in support of his objection.

It was developed by the testimony that Diana White was the first wife of the defendant, and that the defendant contracted a plural marriage with the witness 10 years ago. Subsequently, and about the month of January, 1886, Diana White died.   The defendant continued to live with Jane until April 12, 1886, when a marriage ceremony was performed between them by B. F. Madsen, of Box Elder county.   It transpired from the testimony that the sole object in having the marriage ceremony performed was to close the mouth of the witness, and to prevent the government from obtaining her testimony.

The court was clearly in error in ruling that the witness should testify.   The witness not having been the lawful wife of the defendant at the time of the alleged offense of cohabitation, there was no crime committed against her which might possibly, although we do not determine the point, make her a competent witness under our statute. Besides, it makes no difference at what time the relationship of husband and wife commences, the principle of exclusion applies, to its full extent, whenever the interests of either are directly concerned: 1 Greenl. Ev., secs. 334, 336.   When one married a witness already subpœnaed by his opponent to testify on the approaching trial, she was excluded: *Pedley* v. *Wellesley*, 3 Car. and P., 558. See *State* v. *Armstrong*, 4 Minn., 335 (Gil. 251).

It is argued that it is contrary to public policy to permit parties to defeat the ends of justice, by entering into

the marriage relation for the sole purpose, as in this case, of suppressing testimony. But, when the marriage ceremony was performed, no matter what the motive was, the witness became beyond all question the lawful wife of the defendant, and in this case she could not testify against his objection.

The judgment of the court below is reversed, and a new trial is ordered.

ZANE, C. J., and BOREMAN, J., concurred.