### W. M. BOYD v. THE STATE.

*No. 509.        Decided June 13.*

**Bigamy—Defendant's Wife Incompetent as a Witness.**—The first, or lawful, wife can not be used as a witness against her husband in a prosecution against the latter for bigamy.

APPEAL from the District Court of Tarrant. Tried below before Hon. S. P. GREENE.

This appeal is from a conviction for bigamy, the punishment assessed being a term of five years in the penitentiary.

The statement of facts, which was agreed to by the parties, is as follows: "The State proved that defendant, W. M. Boyd, in Tarrant County, Texas, on the 30th day of March, 1893, married Mrs. M. E. Lake; that the marriage ceremony was performed by R. T. McBride, a minister of the gospel; that a marriage license was issued by the county clerk of Tarrant County, on the 30th day of March, 1893, au-

thorizing the marriage of said W. M. Boyd and M. E. Lake. The State also proved, that the county clerk of Wise County, Texas, on the 10th day of September, 1891, issued a marriage license authorizing the marriage of W. M. Boyd and Miss Sarah E. Rotramble; that D. P. Newsome, a minister of the gospel, on the 15th day of September, 1891, upon the authority of the last above mentioned license, in Wise County, Texas, performed a marriage ceremony between the Miss Sarah E. Rotramble mentioned in said license and some man by the name of Boyd, whom the witness Newsome could not now identify; and also that the said Sarah E. Boyd, *nee* Rotramble, was still living in Wise County, Texas, at the time the above cause was tried; that after the above facts were proven the State called the witness Sarah E. Boyd, *nee* Rotramble, to the witness stand, and, over objection by the defendant, the State was permitted to prove by said witness that her name was Boyd; that she knew the defendant; that he was her husband; that she was married to him in Wise County, Texas, on the 15th day of September, 1891, by the Rev. D. P. Newsome. Now, it is understood, admitted, and agreed by and between the State and the defendant in said above cause, that the testimony of said last named witness Sarah E. Boyd, *nee* Rotramble, was and is the only evidence introduced upon the trial of said cause tending to identify the defendant, W. M. Boyd, as the W. M. Boyd mentioned in the said above license as having been issued out of the County Court of Wise County, Texas, and as the man who was married to Miss Sarah E. Rotramble, by Rev. D. P. Newsome, on the 15th day of September, 1891, in Wise County, Texas."

Defendant objected to the testimony of the witness Sarah E. Boyd, upon the ground that she, being the lawful wife of defendant, as shown by her testimony, was incompetent to testify in the case. The court overruled the objection and permitted the witness to testify, and defendant saved his bill of exceptions to the ruling.

*Andrew H. Jackson*, for appellant.—1. A lawful wife is incompetent to testify against her husband when charged with any offense other than one committed by him against her person. Code Crim. Proc., art. 735; Overton v. The State, 43 Texas, 616; Compton v. The State, 13 Texas Crim. App., 271; Thomas v. The State, 14 Texas Crim. App., 70; Alonzo v. The State, 15 Texas Crim. App., 378; Johnson v. The State, 27 Texas Crim. App., 135; McClain et al. v. The State, 32 Texas Crim. Rep., 521; Roscoe Crim. Ev., 148, 149; Whart. Crim. Ev., secs. 390–397; 1 Bish. Crim. Proc., 1151–1155; 1 Greenl. on Ev., sec. 334; The People v. Briggs, 60 How. (N. Y.), 17.

2. Bigamy is not an offense against the person of the wife. Compton v. The State, 13 Texas Crim. App., 271; Thomas v. The State, 14 Texas Crim. App., 70.

3. The gist of the offense of bigamy is a prior valid marriage, and the existence of a living lawful spouse at the time of the subsequent marriage. Hull v. The State, 7 Texas Crim. App., 594; Dumas v. The State, 14 Texas Crim. App., 464.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of bigamy. His lawful wife was introduced by the State as a witness, and required to testify that he was her husband; that she knew and was married to him in September, 1891, in Wise County, by Rev. D. P. Newsome. His objections to this evidence were well taken, and should have been sustained. Bigamy is not an offense against the wife, in contemplation of the statute, wherefore she is not a competent witness against her husband when he is charged with that offense. She can not be called by the prosecution to prove her marriage with the accused, nor for the purpose of identifying him. Whart. Crim. Ev., 397, and notes; Rice Crim. Ev., 516. The first and true wife can not be used as a witness against her husband in cases of this character. Willson's Crim. Stats., sec. 495; Code Crim. Proc., art. 735; Whart. Crim. Ev., 397; Rice Crim. Ev., 516.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.