## Mark Stribling v. The State.

### No. 5497.   Decided November 5, 1919.

**Disturbing Peace—Husband and Wife—Credible Person.**

Where, upon trial of disturbing the peace, the information was supported by affidavit of the wife of the defendant, a motion in arrest of

judgment, based upon the proof of this fact, should- have been sustained as the wife of the accused cannot be regarded under article 479, Penal Code, as a credible witness within the meaning of this statute, except for those offenses committed against her as provided under article 795 C. C. P. Following: Overton v. State, 43 Texas, 616, and other cases.

Appeal from the County Court of Hopkins. Tried below before the Hon. T. J. Tucker, judge.

Appeal from a conviction of disturbing the peace; penalty, a fine of fifty dollars.

The opinion states the case.

*R. D. Allen*, for appellant.—On question of motion in arrest of judgment: Thomas v. State, 14 Texas Crim. App., 70, and cases cited in the opinion.

On question of testimony of one spouse against the other: Brock v. State, 71 S. W. Rep., 20; Spivey v. State, 77 id., 444; Davis v. State, 77 id., 451; Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. Rep., 591; Johnson v. State, 66 Texas Crim. Rep., 586, 148 S. W. Rep., 328; Eads v. State, 74 Texas Crim. Rep., 628, 170 S. W. Rep., 145; Norwood v. State. 80 Texas Crim. Rep., 552, 192 S. W. Rep., 248; Green v. State, 83 Texas Crim. Rep., 68, 201 S. W. Rep., 182.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The appellant was charged by information with the offense of disturbing the peace. The allegation is as follows:

"On or about the 8th day of March, A. D., 1919, in the county and State aforesaid did go into and near a certain private residence to-wit: The private residence of Maxie Portwood; and did then and there unlawfully use loud and vociferous language; and did curse and swear; and use vulgar, obscene and indecent language, in a manner calculated to disturb the inhabitants of said private residence against the peace and dignity of the State."

This information is supported by a complaint sworn to by Lonie Stribling, who is shown by the bill of exceptions to have been the wife of the appellant at the time of the alleged commission of the offense and at the time of the trial. The court overruled a motion in arrest of judgment based upon the proof of this fact. Our statute, Article 795, C. C. C. says:

"The husband and wife may in all criminal actions be witnesses for each other, but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other."

Article 479 of the same Code provides: "An information shall not be presented by the District or County Attorney until oath has been

made by some credible person charging the defendant with an offense. The oath shall be reduced to writing and filed with the information."

The wife, being an incompetent witness against her husband, cannot be regarded as a credible witness within the meaning of the statute, except for those offenses committed against her. The disturbance of the peace does not come within this class of cases. The offense intended by the statute which makes the wife a competent witness against her husband is one of personal violence. Overton v. State, 43 Texas, 616; Wharton on Evidence, sec. 392; Compton v. State, 13 Texas App., 271; Boyd v. State, 33 Texas Crim. App., 470; McLean v. State, 32 Texas Crim. App., 52; Baxter v. State, 34 Texas Crim. App., 516.

The case of Thomas v. State, 14 Texas App., 70, is one in which the prosecution was for adultery, and the complaint was sworn to by the wife of the accused. It was for that reason held invalid. See also Knapp v. State, 54 Texas Crim. Rep., 633; 130 American State Reports, 903.

In overruling appellant's motion, we think the court fell into error. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and remanded.*