## STRIBLING v. STATE. (No. 5497.)

(Court of Criminal Appeals of Texas. Nov. 5, 1919.)

INDICTMENT AND INFORMATION ☞41(3)—WIFE'S OATH INSUFFICIENT TO SUPPORT INFORMATION AGAINST HUSBAND FOR DISTURBING PEACE.

In view of Code Cr. Proc. 1911, art. 795, providing that husband and wife shall not testify against one another in a criminal prosecution, unless the offense be committed by one against the other, and article 479, requiring a written oath by some credible person charging the defendant with an offense before the presentation of an information, the wife is not a credible witness, and is not competent to make complaint supporting an information against her husband for disturbing the peace of third parties.

Appeal from Hopkins County Court, T. J. Tucker, Judge.

Mark Stribling was convicted of disturbing the peace, and he appeals. Judgment reversed, and the prosecution ordered dismissed.

R. D. Allen, of Sulphur Springs, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. The appellant was charged by information with offense of disturbing the peace. The allegation is as follows:

"On or about the 8th day of March, A. D. 1919, in the county and state aforesaid, did go into and near a certain private residence, to wit, the private residence of Maxie Portwood, and did then and there unlawfully use loud and vociferous language, and did curse and swear, and use vulgar, obscene, and indecent language, in a manner calculated to disturb the inhabitants of said private residence, against the peace and dignity of the state."

This information is supported by a complaint sworn to by Lonie Stribling, who is shown by the bill of exceptions to have been the wife of the appellant at the time of the alleged commission of the offense and at the time of the trial. The court overruled a motion in arrest of judgment based upon the proof of this fact. Our statute (article 795, Code Cr. Proc.) says:

"The husband and wife may in all criminal actions be witnesses for each other; but they shall, in no case, testify against each other, except in a criminal prosecution for an offense committed by one against the other."

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Article 479 of the same Code provides:

"An information shall not be presented by the district or county attorney until oath has been made by some credible person charging the defendant with an offense. The oath shall be reduced to writing and filed with the information."

The wife, being an incompetent witness against her husband, cannot be regarded as a credible witness within the meaning of the statute, except for those offenses committed against her. The disturbance of the peace does not come within this class of cases. The offense intended by the statute which makes the wife a competent witness against her husband is one of personal violence. Overton v. State, 43 Tex. 616; Wharton on Evidence, § 392; Compton v. State, 13 Tex. App. 271, 44 Am. Rep. 703; Boyd v. State, 33 Tex. Cr. R. 470, 26 S. W. 1080; McLean v. State, 32 Tex. Cr. R. 52, 24 S. W. 898; Baxter v. State, 34 Tex. Cr. R. 516, 31 S. W. 394, 53 Am. St. Rep. 720.

The case of Thomas v. State, 14 Tex. App. 70, is one in which the prosecution was for adultery, and the complaint was sworn to by the wife of the accused. It was for that reason held invalid. See, also, Knapp v. State, 54 Tex. Cr. R. 633, 114 S. W. 836, 130 Am. St. Rep. 903.

In overruling appellant's motion we think the court fell into error. The judgment is reversed, and the prosecution ordered dismissed

---

⚖⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes