66 So.2d 574

**STATE v. McMULLAN.**

No. 41222.

June 1, 1953.

Rehearing Denied July 3, 1953.

Campbell & Campbell, Minden, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Louis H. Padgett, Jr., Dist. Atty., Bossier City, Roy M. Fish and N. J. McConnell, Sp. Assts. to Prosecutor, Springhill, for appellee.

McCALEB, Justice.

Appellant was convicted for the manslaughter of Elton S. Dunn, a police officer of the town of Springhill, Webster Parish, and sentenced to serve 12 years at hard labor in the state penitentiary. During the course of the trial, he reserved six bills of exceptions and is relying on five of them for a reversal of his conviction.[1]

The facts are that appellant's wife returned to her home about 10:00 p. m. on the night of the tragedy and found appellant lying across the bed, partially clothed, apparently intoxicated and asleep. She awakened him and he became enraged, secured his shotgun and ran her from the residence. Officer Dunn, who happened to be in the vicinity, responded to Mrs. McMullan's cry for help and went with her and her daughter, Clois Modisette, to the residence for the purpose of quieting appellant. As they entered the house, the officer was confronted by appellant, who pointed the shotgun directly at him. He stopped and remonstrated with appellant but the latter told him not to come any closer. This command was repeated several times and then appellant shot him fatally. The defense was that the shooting was accidental.

During his examination, Dr. Thomas Richardson, the Coroner of Webster Parish, identified three kodachrome slides that he had taken of the body of the deceased at the scene of the crime. He was then asked to project these color slides on a screen so that the jury might view them. Defense counsel objected on the ground that the photographs were gruesome and therefore prejudicial to appellant. When the objection was overruled, bill of exceptions No. 1 was reserved.

While there appears to be some disagreement between counsel and the judge as to whether the slides were actually offered in evidence, we regard it to be a matter of no importance because they have been brought up as part of the record and we have had an opportunity to examine them. Counsel say that it was unnecessary to exhibit these slides, depicting the scene of the crime with the dead body lying in a pool of blood, and that they were introduced

---

1. Bill of Exceptions No. 5 has been abandoned by counsel for appellant.

solely for the purpose of rousing the passion of the jury. State v. Morgan, 211 La. 572, 30 So.2d 434, is cited in support of the bill.

One answer to counsel's contention is that the photographs do not portray a scene so gruesome or revolting as to incite the emotions of the jury against appellant. The three pictures show the deceased, fully clothed, lying on the bloodstained floor alongside the bed in the room where he was shot. True enough, all pictures of death by violence are inelegant and unpleasant but this does not mean that they should be withheld from the jury's view even though they are merely cumulative evidence. State v. Johnson, 198 La. 195, 3 So.2d 556 and State v. Solomon, 222 La. 269, 62 So.2d 481, 484. And, as said in the last-cited case, "State v. Morgan is to be regarded as—indeed it is— a case of most unusual circumstances". The instant one does not fall in that category.

▪ While the coroner was on the stand he testified that appellant had made a verbal statement which had been tape recorded. Later, it was reduced to writing in question and answer form but had not been signed by appellant. When the witness attempted to testify regarding its contents, counsel for the defense objected on the ground that the statement itself was the best evidence. The judge overruled the objection and counsel reserved bill No. 2.

The judge states in his per curiam that he overruled the objection "* * * because

the statement was in the form of questions and answers and for the further reason that it was not signed by the defendant." We think that the judge erred in his ruling as the statement, even if unsigned, was the best evidence which "must be produced" when it is within a party's control. LSA–R.S. 15:436. However, the error was not prejudicial in view of the fact that counsel for the defense later introduced the written statement in evidence.

Counsel maintain that this did not wholly cure the damage sustained by permitting the coroner to testify because the witness gave an erroneous interpretation of the statement to the jury. But, inasmuch as the coroner's evidence is not attached to and made part of the bill, we are unable to say that he misinterpreted the written statement to defendant's prejudice. Obviously, we cannot accept counsel's unsupported statement that such was the case.

▪ On the day of trial, defense counsel notified the judge and the district attorney that appellant's wife, an eyewitness to the homicide who had appeared before the Grand Jury and was summoned as a witness for the prosecution, desired to exercise her privilege of refusing to testify against her husband. Notwithstanding this, the judge required that she appear in open court and claim her privilege in the presence of the jury. Counsel objected and reserved bill of exceptions No. 3.

It is counsel's contention that, under LSA–R.S. 15:461, providing that "Neither

husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other", the wife's privilege is on a parity with appellant's privilege not to testify which the prosecution would have no right to compel him to assert. And it is proclaimed that the only purpose of the prosecution's insistence that appellant's wife declare in the presence of the jury her legal right not to testify against him was to prejudice him with the jury by causing it to believe that her testimony would be extremely damaging to the defense and that he was suppressing evidence and preventing a fair investigation of the facts when, actually, he was without legal power to control her in the exercise of her privilege. To fortify this position, counsel cite cases from Virginia, Oklahoma and Texas.[2]

The proposition is not well taken. Appellant's wife was an eyewitness to the homicide and the State was at liberty to call her to testify as she was a competent witness against him under LSA–R.S. 15:- 461. And, while she could not be compelled to testify, this was a personal privilege which she alone was entitled to claim. In view of the statute, it is difficult to perceive why the wife should not be required to assert the privilege in the presence of the jury at the trial where she is free from outside influences and restraint. Counsel say that it is an unfair tactic employed by the district attorney for, when the witness spouse claims the privilege in the presence of the jury, the members of that body gain the impression that the spouse on trial is suppressing evidence.

This postulation is more nebulous than real. Since the wife was an eyewitness, the jury was entitled to hear her testimony if it was available and, if it was not because she did not desire to be a witness against her husband, it is only fair that the jury know it and be informed that she has the legal privilege to be excused. Under the jurisprudence, the district attorney has the right to comment on the failure of the accused to have his witness spouse testify in his behalf. State v. Todd, 173 La. 23, 136 So. 76. Surely, this practice causes greater harm to the party on trial than that complained of in the instant case.

At common law neither husband nor wife was a competent witness for or against the other in a criminal proceeding in which one spouse was the defendant. The basis for this rule was that husband and wife, in the eyes of the common law, were one and the same person; hence, since the party to the trial was disqualified from testifying because of interest, his spouse was also incompetent.

2. Turner v. State, 43 Okl.Cr.R. 380, 279 P. 525; Brock v. State, 44 Tex.Cr.R. 335, 71 S.W. 20, 60 L.R.A. 465; Moore v. State, 45 Tex.Cr.R. 234, 75 S.W. 497, 67 L.R.A. 499; McClure v. State, 95 Tex. Cr.R. 53, 251 S.W. 1099; Lynn v. State, 113 Tex.Cr.R. 637, 21 S.W.2d 1042; Rice v. State, 123 Tex.Cr.R. 326, 59 S.W.2d 119 and Wilson v. Commonwealth, 157 Va. 962, 162 S.E. 15.

The first Louisiana statute, Act No. 29 of 1886, affirmed this general principle but it was not too many years thereafter that this State abandoned these archaic concepts. Ever since 1916, when Act No. 157 of that year was passed, the law has been, just as it is now, that husband and wife are competent witnesses against each other in criminal cases.

The complaint of counsel in this case is not novel. It was presented to this court in State v. Warlick, 179 La. 997, 155 So. 460, 461, and rejected as unsound. In that matter, the wife of the accused had been summoned as a witness by the State. When the jury was impaneled, the court was requested to sequester all witnesses and the wife of the accused was called to the bar with the others. Defense counsel then informed the court that Mrs. Warlick was unwilling to testify, whereupon the court, in the presence of the jury, asked her if she would refuse to testify and she stated that she would exert her privilege. There, as here, counsel contended that Mrs. Warlick should not have been called before the court in the presence of the jury and "* * * asked to give her reasons for refusing to testify". But the court ruled that the accused was not prejudiced by this procedure,

citing State v. Werner, 128 La. 2, 54 So. 402, as authority for its conclusion.

In a supplemental brief, defense counsel attempt to differentiate the Warlick case from this one on the ground that, there, counsel for the accused voluntarily informed the court, in the presence of the jury, that the witness desired to assert her privilege and that, under those circumstances, he had no right to complain of the court's compliance with his request. But this attempted distinction is not genuine; the court in the Warlick case did not base its ruling on the ground that counsel had waived his right to complain. The rationale of the decision is that the accused was not prejudiced because Mrs. Warlick was asked to give her reasons for refusing to testify in the presence of the jury.

The cases from Oklahoma, Texas and Virginia relied on by counsel which hold that it is prejudicial error for the prosecuting attorney to compel a witness spouse to exercise, in the presence of the jury, the privilege of not testifying are inapplicable because of the difference in the provisions of our law. The statutes in those states provide either that the witness spouse is incompetent[3] or that the privilege resides

3. Vernon's Texas Code Crim.Proc.Ann. Art. 714 provides: " * * * The husband and wife may, in all criminal actions, be witnesses for each other; but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other."

Okl.Stat.1941, Tit. 22, § 702, provides: "Except as otherwise provided in this and the following chapter, the rules of evidence in civil cases are applicable

with the accused and that the witness spouse cannot testify without his consent.[4] Accordingly, it was held in those jurisdictions that the privilege being personal to the accused it is improper to require him to exercise it in the presence of the jury as this tends to cause the jury to believe that he is suppressing evidence. As stated above, such an impression on the part of the jury does not logically result under our law as it is the witness and not the accused who may exercise the privilege.

▬ When Clois Modisette was testifying for the prosecution, she stated that she "bumped into" appellant and caused him to accidentally shoot the deceased. The district attorney immediately pleaded surprise and requested that he be allowed to cross-examine the witness in order to show prior contradictory statements. Defense counsel objected on the ground that the prosecuting attorney should have discussed the case with the witness before placing her on the stand. Upon the overruling of the objection, bill of exceptions No. 4 was taken.

There is no merit whatever in the bill. The judge states in his per curiam that he

---

also in criminal cases: Provided, However, that neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other, but they may in all criminal cases be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event on a criminal trial be permitted to disclose communications made by one to the other except on a trial of an offense committed by one against the other."

4. Virginia Code Ann.1950, Sec. 8–288, provides: "In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence governing other witnesses, may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed to be called as a witness against the other, except in the case of a prosecution for an offense committed by one against the other; but if either be called and examined in any case

as a witness in behalf of the other, the one so examined shall be deemed competent, and, subject to the exception stated in the next section, may be compelled to testify against the other under the same rules of evidence governing other witnesses. The failure of either husband or wife to testify, however, shall create no presumption against the accused, nor be the subject of any comment before the court or jury by the prosecuting attorney. In the prosecution for a criminal offense committed by one against the other each shall be a competent witness except as to privileged communications".

See also Section 1322, Cal.Penal Code, which requires the consent of both spouses in order for one to testify for or against the other in a criminal action. However, under the jurisprudence of that State, the proper procedure is to offer the spouse as a witness, subject to the claim of privilege by the defendant. People v. Briggs, 20 Cal.2d 42, 123 P.2d 433; People v. Klor, 32 Cal.2d 658, 197 P.2d 705.

was convinced that the prosecution was surprised by the testimony of the witness and also that she was hostile.

In order to plead surprise, it is not necessary that the witness testify as expected. It suffices if his testimony upon some material matter is "* * * against the party introducing him and in favor of the other side". LSA–R.S. 15:488.

Counsel say too that the district attorney did not offer to prove and "* * * was not limited to prior contradictory statements * * *" to which impeachment must be limited under LSA–R.S. 15:487. This statement is flatly denied by the judge in his per curiam, which we are bound to accept in the absence of a showing (evidence or minute entry) to the contrary.

Bill of exceptions No. 6 was taken to the overruling of a motion for a new trial, which presents nothing for review.

The conviction and sentence are affirmed.