93 So.2d 200

**STATE of Louisiana**

**v.**

**John B. CANNON.**

No. 43134.

Jan. 21, 1957.

Rehearing Denied Feb. 25, 1957.

Joseph F. Giglio, III, James J. Dormer, Shreveport, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Edwin L. Blewer, Dist. Atty., Shreveport, for plaintiff-appellee.

PONDER, Justice.

This is an appeal from a conviction of murder. The appeal is predicated upon four bills of exception.

Bills of Exception 1, 2, and 3 were taken to the ruling of the trial judge excluding the introduction of evidence of bad character on the part of the deceased. These three bills recite that: "the evidence that had been previously adduced showed an overt act in the 'walking toward' the defendant of the deceased at the time of the shooting and thus the introduction of the evidence as to bad character was proper." The trial judge in his per curiams to these bills states that he sustained the objection to the questions for the reason that up to this point in the trial there had been no evidence whatsoever of a hostile demonstration or of an overt act on the part of the deceased as is required by the Code of Criminal Procedure, Article 482, LSA–R.S. 15:482.

■ An examination of the record reveals that there is no evidence attached to these bills and hence we cannot say that the statement of the trial judge that there was "no evidence" of an overt act is incorrect.

■■ Evidence that is not attached to and made part of a formal bill of exceptions cannot be considered by this Court. State v. LeBleu, 203 La. 337, 14 So.2d 17 (and the authorities cited therein); State v. Bellam, 255 La. 445, 73 So.2d 311. And where the defense has not requested that evidence on the bills of exception be taken down and attached to or made part of the bill, the per curiam of the trial judge as to the facts is controlling. State v. Bradford, 220 La. 176, 56 So.2d 145; State v. Mc-Mullan, 223 La. 629, 66 So.2d 574.

■ Counsel for the defendant stated in argument in this Court that the reason for not having this evidence taken down by the court reporter was the indigent circumstances of the defendant, and for this reason we have carefully examined the bills in connection therewith. But an examination of these bills reflects that the overt act complained of by the defendant was the act of "walking toward" the defendant of the deceased at the time of the shooting. We do not consider this fact an overt act or hostile demonstration and there is no other evidence set out in the bills so reserved. Therefore, Bills of Exception Nos. 1, 2, and 3 are without merit.

■ Bill of Exception No. 6 was taken to the overruling of a motion for a new trial on the grounds that the verdict was contrary to the law and evidence. This bill presents nothing for review. State v. McMullan, 223 La. 629, 66 So.2d 574, supra; State v. Thomas, 224 La. 431, 69 So.2d 738.

For the reasons assigned, the conviction and sentence are affirmed.