271 So.2d 519 (1973)
STATE of Louisiana
v.
James E. ROLLINS.
No. 52873.
Supreme Court of Louisiana.
January 9, 1973.
*520 Allen B. Pierson, Jr., Ponchatoula, Roy L. Wood, Amite, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Leonard E. Yokum, Dist. Atty., William M. Quin, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendant, James E. Rollins, was found guilty of murder (La.R.S. 14:30) without capital punishment in a trial by jury and sentenced to serve life imprisonment *521 in the Louisiana State Penitentiary. On this appeal, defendant relies on seven bills of exceptions reserved and perfected during the proceedings to obtain a reversal of the conviction and sentence.
Bill of Exceptions No. 1 was reserved to the trial court's refusal of a motion to quash the petit jury venire because of a remark of the assistant district attorney allegedly disparaging of a defense witness. Prior to the commencement of the trial, defense counsel moved for a continuance on the ground that one of the defense witnesses was not present. The assistant district attorney then made the following remark;
"Your Honor, the state would oppose a continuance in the trial on the basis that the subpoenas were issued. Now if they were not served, if they could not be located that's not the responsibility of the state and I have interviewed every eyewitness to this crime and never have come across the name of Pardue. So, I really can't see the essential nature of testimony of a woman named Pardue."

At this point counsel for the defendant moved to excuse the petit jury venire on the grounds that the remark of the Assistant District Attorney quoted above would have a prejudicial effect on the members of the venire.
However, we find that there was no prejudice resulting from the remark of the Assistant District Attorney. The witness, who subsequently testified, did not pretend to be an eyewitness. She was used to show the intoxication of the defendant. The remark of the assistant district attorney was mere argument concerning the essential nature of the absent witness' testimony, and was not prejudicial.
The bill of exceptions is without merit.
Bill of Exceptions No. 2 was reserved to the trial court's refusal to quash the indictment. The motion to quash alleged that La.C.Cr.P. Art. 403 is so broad in excusing persons from jury duty that it is unconstitutional.
We find this to be without merit. La.C. Cr.P. provides an exemption from jury service to certain classes of individuals based on their occupation. The Supreme Court of the United States in Rawlins v. Georgia held that a state may exclude certain occupational categories from jury service "on the bona fide ground that it was for the good of the community that their regular work should not be interrupted." 201 U.S. 638, 640, 26 S.Ct. 560, 561, 50 L.Ed. 899 (1926). We agree, and find that the bill of exceptions is without merit.
Bill of Exceptions No. 3 was reserved when the trial court denied defendant's motion to quash the jury venire. The motion was made on the ground that La. C.Cr.P. Art. 402 (which exempts women from jury service unless they declare their desire to be subject to such service) is unconstitutional. We have previously held that La.C.Cr.P. Art. 402 is constitutional, therefore, this bill lacks merit. State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971); State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968); State v. Reese, 250 La. 151, 194 So.2d 729 (1967); cert. denied 389 U. S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495.
Bill of Exceptions No. 4 was reserved to the trial court's denying the defendant's motion to quash the jury venire. The motion was made on the ground that the jurylist contained "too many names of people who are no longer residents of this parish". The defendant argues that this denied his right to have a representative cross-section of the community on the jury.
The record indicates that of the one-hundred prospective jurors on the list forty-four were actually served and presumably available for jury duty. Only seventeen were shown to be unavailable due to their being non-residents of the parish. The defendant has made no showing that he was denied his right to a fair jury trial. If the panel which was available was exhausted *522 due to challenges by the state or the defendant, the judge would have simply called for more jurors. Under these circumstances, the bill of exceptions is without merit.
Bill of Exceptions No. 8 was reserved when the state sought to introduce a gun into evidence. The defense counsel objected to the introduction of the gun on the ground that it was not shown to be connected with the defendant. The trial court overruled the objection and allowed the gun into evidence.
We find that the trial court did not abuse its discretion in ruling that the gun was admissible. The record indicates that the gun had been identified as similar to one used by the defendant through the testimony of two of the state's witnesses. Defense counsel argued that there was no positive identification of the gun. The lack of a positive identification goes to the weight of the evidence and not its admissibility. State v. Nelson, 261 La. 153, 259 So.2d 46 (1972). Furthermore the defendant himself later identified the gun as the weapon he used (See Trial Transcript p. 115).
This bill of exception lacks merit.
Bill of Exceptions No. 10 was reserved to the trial court's ruling that certain testimony offered by the defendant was inadmissible. The testimony consisted of evidence that an unknown person had made indecent proposals to three female witnesses on the night of the killing involved here and was intoxicated. The only evidence which was to be offered to link the decedent with the person who made these proposals was the fact that both of them drove a green truck. The defense counsel states that the purpose of the offered testimony was to draw "a sharp contrast between the picture painted by the prosecution of a gentle, family loving man who was killed and a drunken molester of women as the deceased actually was".
The trial court excluded the testimony on the grounds that it was an attempt to prove the dangerous character of the decedent in accordance with La.R.S. 15:482 through evidence of specific acts of misconduct. (The judge did state, however, that he would allow defendant to show that the decedent was intoxicated.) The court was of the opinion that specific acts are not admissible to show bad character, and further that there was no showing by the defense of any hostile demonstration or overt act on the part of the deceased to warrant introduction of evidence of his dangerous character as required by La.R.S. 15:482.
Without deciding the correctness of the trial court's reasoning we find that the offered testimony was inadmissible on the ground that it was irrelevant to any of the issues involved in the trial of this case. Even if we were to accept the fact that the decedent was the person who made these indecent proposals while he was intoxicated, proof of this fact in no manner tends to prove that the defendant was acting in self-defense when he shot the decedent. Although under La.R.S. 15:482, evidence of the deceased's dangerous character is admissible under some circumstances, evidence of his general bad moral character is irrelevant to prove self-defense. This appears to be an attempt by defense counsel to get before the jury evidence of the decedent's allegedly bad character. Under these circumstances, proof that the decedent made indecent proposals to females on the night of the killing is inadmissible.
We find the bill of exceptions is without merit.
Bill of Exceptions No. 11 was reserved during the examination of state's witness Detective Roger Dangerfield. The witness was asked by the state to read a statement he had taken from another witness. The defense counsel objected to the reading of the statement on the ground that the detective had admitted that he had not taken down everything which was said, *523 therefore the statement would be incomplete. The trial court overruled the objection and allowed the statement to be read.
We know of no rule of law which requires that a written statement, otherwise admissible, made by a witness (excluding the defendant) include everything said by the witness; nor does defendant's brief suggest that anything of importance was omitted. The witness who gave the statement testified at the trial. The officer who took the statement testified that it contained everything the witness told him. Under these circumstances, we find the bill of exceptions to be without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents. Bill of Exceptions No. 3 alleging unconstitutionality of our provision excluding women from jury service is good.