296 So.2d 310 (1974)
STATE of Louisiana
v.
Joseph WALKER, Jr.
No. 54380.
Supreme Court of Louisiana.
June 10, 1974.
*311 Murphy W. Bell, Director, Vincent Wilkins, Jr., Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Anthony J. Graphia, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Joseph Walker, Jr., was indicted for the murder of Eddie Lloyd Phillips. LSA-R.S. 14:30. The defendant was tried and found guilty, without capital punishment. The trial judge sentenced him to life imprisonment. The defendant appeals his conviction, relying upon five bills of exceptions reserved in the trial court.
The background facts are as follows:
On December 8, 1972, the defendant was engaged in a card game with the victim and several other persons at 3328 North Street in Baton Rouge. The defendant was momentarily absent from the game; upon his return he noticed that the victim, Eddie Lloyd Phillips, had left the game.
During the night, the defendant borrowed $40.00 for which he gave the lender a .38 caliber revolver. Defendant later repaid the loan and retrieved the pistol.
Later, the defendant left the card game and walked into the street. There, he encountered the victim. The defendant fired three shots from the pistol, mortally wounding Phillips.

BILL OF EXCEPTIONS NO. 1
Bill of Exceptions No. 1 was taken when the trial court denied a motion to quash the general jury venire. The motion alleged that the exclusion of women from the jury venire, according to state procedures, constituted an unconstitutional denial of defendant's rights.
Article 7, Section 41 of the Louisiana Constitution, as well as Article 402 of the Louisiana Code of Criminal Procedure, provides that a woman shall be selected for jury service only if she has filed with the Clerk of Court a written declaration evidencing her desire to serve.
These provisions have been subject to persistent constitutional attack in recent years. Following Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), the last authoritative expression of the United States Supreme Court on a similar procedure, we have consistently upheld the validity of these provisions. See, e. g., State v. Stevenson, La., 292 So.2d 488 (1974); State v. Gray, La., 291 So.2d 390 (1974); State v. Taylor, La., 282 So.2d 491 (1973); State v. Roberts, La., 278 So.2d 56 (1973); State v. Rollins, La., 271 So.2d 519 (1973).
The constitutional question is now pending before the United States Supreme Court, but we adhere to Hoyt v. Florida, supra, until the Court has again spoken on *312 the subject. See State v. Womack, La., 283 So.2d 708 (1973).
Bill of Exceptions No. 1 lacks merit.

BILL OF EXCEPTIONS NO. 2
The defendant reserved Bill of Exceptions No. 2, after the trial judge had sustained an objection to defense questions designed to show that upon leaving the card game, the victim made certain threats against the defendant. The trial judge apparently sustained the objection on dual grounds, that the statements of the victim were not part of the res gestae and that no evidence of a hostile demonstration or overt act on the part of the victim had been introduced as a basis for proving prior threats under LSA-R.S. 15:482.
The defense contends that the declarations of the victim, though in the nature of threats, were admissible as part of the res gestae under LSA-R.S. 15:447. The State contends, on the other hand, that LSA-R. S. 15:482, a specific statute applying to threats, controls.
LSA-R.S. 15:482 provides:
"In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible."
The above statute is explicit. Before threats of the victim against the defendant can be shown, an adequate showing of a hostile demonstration or overt act on the part of the victim must be made. The statute is designed to bar evidence of threats until the evidence discloses a minimum basis for self-defense. State v. Foreman, 256 La. 999, 240 So.2d 736 (1970); State v. Cooper, 249 La. 654, 190 So.2d 86 (1966); State v. Rowland, 246 La. 729, 167 So.2d 346 (1964).
The defendant makes no contention in his brief that an adequate showing of a hostile demonstration or overt act by the victim has been made. Indeed, the circumstances disclosed by the record defeat such a showing. The victim was unarmed. The defendant fired three shots at close range. After the first shot, bystanders attempted to persuade the defendant not to fire again. The victim died of a bullet wound in the back of his head. Evidence that the victim was walking near the defendant is not a hostile demonstration or overt act within the contemplation of the statute. See State v. Cannon, 231 La. 877, 93 So.2d 200 (1957).
The defendant strenuously argues that a proper application of LSA-R.S. 15:447, res gestae, makes the evidence of threats admissible without compliance with the foundation requirements. We think not. The res gestae doctrine represents an exception to the hearsay rule. Although res gestae statements are hearsay, they are not barred from evidence by the hearsay rule.
The hearsay rule is irrelevant to threats uttered by the victim directed to the assailant. Such threats are not offered to prove the truth of their content. They are offered only to prove the defendant's apprehension of danger and its reasonableness. McCormick On Evidence (2d Ed), § 295, p. 700 (1972). Here, the fact of utterance only is important. Hence, testimony of threats is non-hearsay. State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971); Comment, Hearsay and Non-Hearsay as Reflected in Louisiana Criminal Cases, 14 La.L.Rev. 611, 612, 29 Am.Jur.2d, Evidence, § 497, p. 555.
Since threats, when offered in connection with a plea of self-defense, are non-hearsay, res gestae has no application to them. Quite clearly, the res gestae exception does not dispense with the foundation expressly required by statute for the introduction of evidence of threats.
We conclude that Bill of Exceptions No. 2 lacks merit.

*313 BILL OF EXCEPTIONS NO. 3
This bill was reserved when the trial court overruled defense counsel's objection to the introduction of a taped statement of the defendant. The defendant contends that his statement was inadmissible, because there was no knowing and intelligent waiver of his rights.
The record refutes this contention. The defendant was advised of his constitutional rights orally, the recording being admitted in evidence at the trial. Moreover, the defendant was given a written statement of his rights, which he appeared to read and sign. The evidence reflects that the defendant turned himself in at police headquarters and voluntarily agreed to make a statement.
This bill has no merit.

BILL OF EXCEPTIONS NO. 4
Bill of Exceptions No. 4 was reserved to the introduction of a bullet into evidence. Defense counsel objected to the introduction of the bullet on the grounds that it was not sufficiently linked to the crime and it had not been the object of a ballistics analysis.
There existed a sufficient foundation for the introduction of the spent bullet into evidence. The blood covered bullet was found at the scene of the homicide not far from the body of the victim.
It is sufficient for the introduction of demonstrative evidence that the foundation show that it is more probable than not that the object is connected with the case. A preponderance of evidence is sufficient. State v. Nelson, 261 La. 153, 259 So.2d 46 (1972); State v. Anderson, 261 La. 244, 259 So.2d 310, app. dis. 409 U.S. 1030, 93 S.Ct. 533, 34 L.Ed.2d 481 (1972).
The circumstance that the bullet was not subjected to a ballistics test goes to the weight of the evidence. It does not affect the admissibility. State v. Warren, La., 271 So.2d 527 (1973); State v. Rollins, supra; State v. Brewer, 263 La. 113, 267 So.2d 541 (1972); State v. Anderson, supra.
In our opinion, the spent bullet was properly admitted into evidence. Hence, Bill of Exceptions No. 4 is without merit.

BILL OF EXCEPTIONS NO. 5
This bill was reserved when the trial court denied a defense motion for a new trial. The defendant alleges that the charge to the jury was misleading as to the State's burden of proof. The defendant further relies on Bill of Exceptions No. 2, which has already been found to be without merit.
Although defendant requested clarification of the charge when given, with which the trial judge complied, he made no objection to the charge and noted no bill of exceptions. He attacked the adequacy of the charge for the first time in the motion for new trial. In our opinion, the attack is untimely.
Article 841 of the Louisiana Code of Criminal Procedure provides:
"An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection."
See State v. Neal, La., 275 So.2d 765 (1973); State v. Chaney, La., 273 So.2d 259 (1973); State v. Fink, 255 La. 385, 231 So.2d 360 (1970); State v. Bird, 38 La. Ann. 497 (1886).
We conclude that the Bill of Exceptions No. 5 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs. I am of the opinion female exclusion from jury service is unconstitutional.
DIXON, J., concurs, disagreeing with the "res gestae" treatment in bill #2.